JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 19-09046 PA (SSx) | Date | February 19, 2020 |
|---|---|---|---|
| Title | Michael Rhambo v. Donald Gorham | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

On January 22, 2020, the Court issued an Order to Show Cause requiring plaintiff Michael Rhambo ("Plaintiff") to show cause in writing why his claims against defendant Donald Gorham ("Defendant") should not be dismissed for lack of prosecution, noting Plaintiff's apparent failure to comply with Federal Rule of Civil Procedure ("Rule") 4(m).  (Dkt. No. 13.)

Under Rule 4(m), service of process on a defendant is due within 90 days of the filing of the complaint.  By the time the Court issued its Order to Show Cause on January 22, 2020, Rule 4(m)'s 90-day period had already expired.  Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff has not filed a proof of service for Defendant, or otherwise responded to the Court's Order.  Accordingly, Plaintiff's claims are dismissed under Rule 4(m) without prejudice as a result of Plaintiff's failure to timely serve Defendant or establish good cause for that failure.

Grounds also exist to dismiss Plaintiff's claims for failure to diligently prosecute.  A court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987-88 (9th Cir. 1999) (dismissal for failure to comply with court order).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629-30; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987-88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of

JS-6

#### UNITED STATES DISTRICT COURT
#### CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL MINUTES - GENERAL

| Case No. | CV 19-09046 PA (SSx) | Date | February 19, 2020 |
|---|---|---|---|
| Title | Michael Rhambo v. Donald Gorham | | |

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissing this action. See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

The third Henderson factor at least marginally favors dismissal. Defendant may be prejudiced if the complaint is not dismissed. See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642–43 (stating that "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale"); see also Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976) ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.").

The fourth and fifth Henderson factors also favor dismissal. The January 29, 2019 Order to Show Cause warned Plaintiff of the possibility of dismissal. Despite being so warned, Plaintiff has failed to demonstrate any effort to serve Defendant. Additionally, the Court is adopting the "less-drastic" sanction of dismissal of those claims without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Thus, the Henderson factors weigh in favor of dismissal.

Accordingly, pursuant to Rule 4(m) and as a result of Plaintiff's failure to diligently prosecute, Plaintiff's claims against Defendant are dismissed without prejudice. See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

IT IS SO ORDERED.